**ALLOY METAL WIRE WORKS, INC., A.M.W. Corp., William H. Freeborn, and James R. Kraus**

v.

**CONGRESS FINANCIAL CORPORATION.**

Civ. A. No. 85–7416.

United States District Court, E.D. Pennsylvania.

Jan. 18, 1989.

Joseph B. Donatucci, Philadelphia, Pa., for plaintiffs.

Congress Financial Corp. by Leonard Dubin and Edward I. Swichar, Philadelphia, Pa., for defendant.

## MEMORANDUM

O'NEILL, District Judge.

This memorandum sets forth the reasoning behind my Order of January 17, 1989 denying defendant's motion for summary judgment. In this action, plaintiff Alloy Metal Wire Works, Inc. ("Alloy")[1] has filed claims allegedly arising from its contract with defendant Congress Financial Corporation ("Congress") for financing in connection with the operation of its business. Defendant has moved for summary judgment, contending that plaintiff is equitably and judicially estopped from asserting its claims under the Court of Appeals' decision in *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir.1988). The *Oneida* court held that a plaintiff which had failed to disclose a claim against a bank creditor "during the pendency of the bankruptcy case" was estopped from later litigating its claim against the bank. *Oneida*, 848 F.2d at 415. But a comparison of *Oneida* with the present action reveals that the factors which made estoppel appropriate in *Oneida* are not present here.

In *Oneida*, the plaintiff filed a Chapter 11 bankruptcy petition on July 10, 1985. In the following months, "[a] series of subsequent orders was entered by the Bankruptcy Court in regard to matters pertaining to Oneida's and the creditors' rights, including, on September 30, 1985, a stipulation and order confirming a settlement among the bank, Oneida and the official unsecured creditors' committee." 848 F.2d at 415. Oneida eventually presented a reorganization plan to its creditors, and "[o]n August 14, 1986 the bankruptcy court entered an order confirming Oneida's Joint Plan of Reorganization. Nowhere in the plan or in the confirmation order is reference made to Oneida's current claim against the bank." 848 F.2d at 415–416. In fact, Oneida's claim against the bank was not disclosed to the Bankruptcy Court until after March 11, 1987, when Oneida had filed the action asserting its claim against the bank.[2] The Court of Appeals held that Oneida was estopped from asserting its action "[i]n order to preserve the requisite reliability of disclosure statements and to provide assurances to creditors regarding the finality of plans which they have voted to approve." 848 F.2d at 418.

▇ As in *Oneida*, Alloy failed to disclose its claim against Congress in the original statement of financial affairs it submitted to the Bankruptcy Court on September 7, 1984. *See* Exhibit A, Defendant's Memorandum in Support of Its Motion for Summary Judgment. Nor did Alloy disclose the claim in the amended disclosure statement and plan of reorganization submitted to the Bankruptcy Court on June 20, 1985. Alloy did, however, disclose the Congress claim to the Bankruptcy Court in a motion for approval of employment of special counsel, filed fifteen months after bankruptcy proceedings began, and in the amended disclosure statement and plan of reorganization submitted to the Bankruptcy Court on June 6, 1988. It was the June 6, 1988 statement and plan which the creditors approved on September 9, 1988, and which the Bankruptcy Court confirmed on October 14, 1988.[3]

The doctrine of equitable estoppel corrects inequities resulting from a party's detrimental reliance on its adversary's conduct or representations. *See Heckler v. Community Health Services*, 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984) ("the party claiming the estoppel must have relied on its adversary's conduct 'in such a manner as to change his position for the worse,' and that reliance must have been reasonable....") Equitable estoppel applied in *Oneida* because Oneida's disclosure statement and plan of reorganization,

---

1. The complaint was filed on December 24, 1985 by plaintiffs Alloy, A.M.W. Corporation, William H. Freeborn and James R. Kraus against Congress. By an Order of April 28, 1987 (amended April 30, 1987), this Court dismissed the claims of plaintiffs A.M.W., Freeborn and Kraus, so that only Alloy's claims remain in this action.

2. After filing the action, Oneida presented a modified reorganization plan to the Bankruptcy Court which provided for the disposition of any proceeds from the action.

3. The Bankruptcy Court approved the June 6, 1988 disclosure statement on July 22, 1988.

which did not refer to Oneida's claim against the bank, were relied upon by Oneida's creditors (including the bank) and the Bankruptcy Court: the creditors approved the proposed reorganization plan; the bank entered the stipulation establishing the extent and validity of its lien against Oneida; and the Bankruptcy Court issued a series of orders delineating creditors' rights, and confirmed the proposed reorganization plan. In the present case, however, there is no evidence on record of reliance by the Bankruptcy Court or by creditors on Alloy's early bankruptcy filings omitting the Congress claim.[4] The disclosure statement and plan of reorganization finally approved by the creditors and Bankruptcy Court in 1988 disclosed Alloy's claim against Congress.

Defendant points out that in *Oneida,* the Court of Appeals held that Oneida's reorganization plan "was informationally deficient, and not cured by the later modification" adding the claim against the bank to the plan. 848 F.2d at 418. Similarly, defendant argues, Alloy's modifications of its disclosure statement and plan of reorganization in 1988 cannot cure the defects of its earlier filings, and therefore cannot prevent equitable estoppel. In defendant's view, *Oneida* dictates that once a party in bankruptcy files a statement with the Bankruptcy Court omitting a claim, the party is estopped forever from asserting that claim. But this reading of *Oneida* would completely eliminate the reliance requirement from the doctrine of equitable estoppel. Moreover, the *Oneida* court noted specifically that the reorganization plan "presented by Oneida to the creditors for confirmation" was informationally deficient. 848 F.2d at 418. In other words, the subsequent modification in *Oneida* was insufficient not because such a modification could never be sufficient, but rather because it occurred after the creditors had already confirmed the deficient plan.

Here, where the plan was modified before the creditors confirmed it, there was no reliance on the earlier filings, and, therefore, no reason for equitable estoppel of Alloy's claim.

■ Defendant also argues that judicial estoppel, applied by the *Oneida* court, is equally applicable here. Judicial estoppel "applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted." 848 F.2d at 419. But in the seminal case of *Scarano v. Central R. Co. of New Jersey,* 203 F.2d 510, 513 (3d Cir.1953), the Court of Appeals adopted a much narrower view of judicial estoppel than that advocated by defendant: "[a] plaintiff *who has obtained relief from an adversary* by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention." (emphasis added) Thus, like equitable estoppel, judicial estoppel applies when the earlier court relied on the party's previous position in rendering a decision. As noted above, in *Oneida* the Bankruptcy Court had relied on Oneida's deficient filings in rendering a number of decisions, including confirming the reorganization plan. In the present action, however, the Bankruptcy Court did not rely on Alloy's deficient filings in rendering any decisions, so that judicial estoppel does not apply.

---

4. Defendant alleges in its reply brief that the Bankruptcy Court approved the amended disclosure statement submitted by Alloy on June 20, 1985, which contained no reference to the pending claim against Congress. But the Bankruptcy Court approved the stipulation by which the amended disclosure statement and plan of reorganization were submitted to the Court, not the amended disclosure statement of June 20, 1985 itself. *See* Exhibit H, Defendant's Reply Brief in Support of Its Motion for Summary Judgment.